# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# LUFKIN DIVISION

No. 9:94-CR-12

United States of America

v.

Dimitriuos Windom, aka "Heavy"

                                                        Defendant

## Memorandum and Order

Defendant seeks leave of court to file a late notice of appeal of this court's order denying his motion for sentence reduction based on the retroactive "crack" cocaine sentencing guidelines. His *pro se* "Motion For Leave to File Notice of Appeal Out of Time" is referred to the undersigned for a determination.

### I. Factual Background

Defendant pled guilty to a "crack" cocaine offense and was sentenced under guidelines that existed in 1994. Thirteen years later, in 2007, the United States Sentencing Commission retroactively amended its sentencing guidelines, establishing a base offense level for "crack" cocaine crimes two levels below that which existed in 1994.

Since sentencing guidelines are advisory, the retroactive amendment did not *guarantee* that a previously-convicted defendant would receive a reduced sentence. However, the amendment provided a reasonable ground for *some* defendants who might be released earlier than their original sentence discharge date to request a reduced sentence pursuant to 18 U.S.C. § 3582(c).

*At defendant's request*, the Federal Public Defender was appointed on April 24, 2008, to represent defendant with respect to a motion for sentence reduction under 18 U.S.C. § 3582(c)(2). [Docket No.676]. Assistant Federal Public Defender, Kenneth Hawk, was assigned to defendant's case.

Nonetheless, defendant filed his own *pro se* motion for sentence reduction on May 19, 2008. This *pro se* motion was filed less than a month after Mr. Hawk's appointment, before Mr. Hawk had a chance to act under his appointment, and apparently before defendant knew that Mr. Hawk was representing him.[1] The United States promptly responded to defendant's *pro se* motion on May 21, 2008, only two days after it was filed.

The court elected to consider the merits of defendant's *pro se* motion rather than denying it on the procedural ground that precludes hybrid representation (simultaneous counseled and self representation). The court denied the motion, two days after it received the government's response, on May 23, 2008.

Defendant replied to the government's response on June 2, 2008 (after the court had already ruled). The court did not reconsider or take further action.

---

[1] Defendant moved for appointment of counsel on May 21, 2008, [Docket No. 679] thus indicating unawareness of Mr. Hawk's appointment a month earlier.

Defendant then filed the instant motion on August 29, 2008, requesting leave to file an out of time appeal on the denial of his request for a reduced sentence.

## II.  Defendant's Motion

In support of his motion for leave to file an out-of-time appeal, defendant avers that August 19, 2008 *"is the first date that the Defendant knew than an Order had been signed on May 23, 2008."*  He asserts further that *"the Court failed to send a copy of the Order to the Defendant by means that would assure that he would receive it in a timely manner."*  Defendant concludes that he was, therefore,*"prejudiced in the loss of his right to appeal the denial of the § 3582(c)(2) motion."*

## III.   Discussion

*A.  Governing Principles of Law*

Federal Rule of Appellate Procedure 4(b) required that defendant file a notice of appeal within *ten days* from the date his motion was denied.[2]  That rule, however, allows for a *thirty-day extension* of time to file a notice of appeal after the ten-day requirement "upon a finding of excusable neglect or good cause."[3]  However, "[c]ourts cannot extend the time period beyond the forty-day

---

[2]   "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:
(I) the entry of either the judgment or the order being appealed; or
(ii) the filing of the government's notice of appeal." F.R.A.P. Rule 4(b)(1)(A).

[3]   "Upon a finding of excusable neglect or good cause, the district court may -- before or after the time has expired, with or without motion and notice -- extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." F.R.A.P. Rule 4(b)(4).

time period prescribed in Rule 4(b).  United States v. Awalt, 728 F.2d 704, 705 (5th Cir. 1984).  Therefore, to even have an opportunity to seek relief by showing excusable neglect, the late notice or some other filing evidencing an intention to appeal must be filed within the forty-day period (the initial 10 days plus the additional 30 days). Id.

When a defendant has an opportunity to show excusable neglect, "lack of notice is not a basis for a plea of excusable neglect and does not excuse noncompliance with Rule 4(b)." Id. Even more pertinent to this action, failure of the court clerk to provide notice of the entry of an order on any post-arraignment written motion "will not permit relief from a party's failure to file an appeal within the time period specified by Rule 4(b)." Id.

B. *Application*

The court cannot accept defendant's excusable neglect arguments. However, the court would be disposed to find excusable neglect on other grounds, viz., the confused circumstances as to whether defendant was or was not represented by licensed legal counsel.  It is reasonable to infer that at some point within the allowable forty-day window defendant learned that counsel had been appointed, and defendant might then reasonably rely on counsel to protect his appellate rights.

Nonetheless, defendant failed to file his notice of appeal within the thirty-day allowable extension period (or within forty days from the date the court denied his Section 3582(c) motion).  Rather, he filed his motion on August 29,

2008, which is ninety-eight days after the motion was denied. Therefore, this court is now powerless to grant permission to file an out-of-time appeal.

### IV.  Disposition

For the reasons stated above, defendant's motion for leave to file an out-of-time appeal (Docket No. 683) is **DENIED**.

SIGNED this __10__ day of October, 2008.

_____
Earl S. Hines
United States Magistrate Judge